# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DANIEL J. ALEXANDER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 15-2667-JAR |
| ) | |
| **STATE OF KANSAS, DEPARTMENT** ) | |
| **OF ADMINISTRATION,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's Motion to Proceed without Prepayment of Fees (Doc. 3) and plaintiff's Motion for Appointment of Counsel (Doc. 6). For the reasons outlined below, plaintiff's Motion to Proceed without Prepayment of Fees (Doc. 3) is GRANTED and his Motion for Appointment of Counsel (Doc. 6) is DENIED.

### I.     Motion to Proceed In Forma Pauperis (Doc. 3)

On March 17, 2015, plaintiff filed a Motion to Proceed without Prepayment of Fees (Doc. 3) and, pursuant to court order, filed a supplemental affidavit to that motion (Doc. 7). The court has reviewed both affidavits of financial status and, after comparing plaintiff's income to his expenses, finds that plaintiff has established that he is financially unable to pay the costs of the filing fee. Therefore, plaintiff's motion (Doc. 3) is GRANTED.

## II.     Motion for Appointment of Counsel (Doc. 6)

An evaluation of whether to appoint counsel requires consideration of those factors discussed by the Tenth Circuit Court of Appeals in *Castner v. Colorado Springs Cablevision*,[1] including: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel.  Thoughtful and prudent care in appointing representation is necessary so that willing counsel may be located; however, the indiscriminate appointment of volunteer counsel to undeserving claims wastes a precious resource and may discourage attorneys from volunteering their time.[2]

After careful consideration, the court declines to appoint counsel to represent plaintiff.  The first two prongs of the *Castner* analysis have been satisfied by plaintiff, namely his inability to afford counsel and his diligence in seeking legal representation. However, the court is unable to fully evaluate the merits of plaintiff's claims given the information presented in the complaint, and recognizes that "its perception of the merits and other factors relevant to the issue of appointment of counsel may vary"[3] as the case progresses.  Postponing a decision to appoint counsel allows the court to gain more information about both the merits of plaintiff's claims and his ability to present this case to the court.[4]  Under the circumstances, the motion for appointment of counsel shall be DENIED without prejudice to later review.

---

[1] 979 F.2d 1417, 1420-21 (10th Cir. 1992).
[2] *Id.* at 1421.
[3] *Jones v. Maritz Research Co.*, Case No. 14-2467-SAC-GLR, 2014 WL 6632929, at *3.
[4] *Id*. (citing *Ficken v. Alvarez,* 146 F.3d 978, 981 (D.C.Cir.1998)).

### III.   Sufficiency of Plaintiff's Complaint

The authority to proceed without payment of fees is not without limitation. Under 28 U.S.C. § 1915(e)(2), sua sponte dismissal of the case is required if the court determines that the action: 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit. After reviewing plaintiff's Complaint, it is unclear whether plaintiff has stated a proper claim for relief.

First, although plaintiff completed the court's "Civil Complaint" form rather than the form titled "Employment Discrimination Complaint," it appears that plaintiff seeks relief for racial discrimination by his employer.[5] It is well settled that a plaintiff must exhaust his administrative remedies before bringing suit under Title VII and the Kansas Act Against Discrimination.[6] Plaintiff indicates that he has presented his claim to the Kansas Human Rights Commission ("KHRC") and/or the Equal Employment Opportunity Commission ("EEOC") but that his claims were rejected "without complete review."[7] However, plaintiff did not attach a copy of his "Notice of Right to Sue" letter from either agency or supply the dates of any charges filed with the KHRC or EEOC. Had plaintiff filed his complaint on the proper form, he would have been instructed to supply the dates and attach a copy of his "Notice of Right to Sue" letter.

---

[5] Complaint, Doc. 1, at 5 ("the reason was that I was one man of African-American descent . . . also my grandmother on my father['s] side Cherokee.")

[6] *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1409 (10th Cir. 1997); *Shikles v. Sprint/United Management Co.*, 426 F. 3d 1304, 1317 (10th Cir. 2005).

[7] Complaint, Doc. 1, at 5.

Additionally, under Section III of his Complaint ("Statement of Claim") plaintiff lists the names of six individuals but provides no supporting statements or facts which demonstrate why those individuals are named, how he was discriminated against, or why he is entitled to relief. Plaintiff bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[8] and the court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[9] Plaintiff "must allege sufficient facts to state a claim which is plausible—rather than merely conceivable—on its face."[10] But because plaintiff proceeds pro se and may not have been aware of the availability of the alternate Complaint form and its more specific instructions, the court will allow him the opportunity to provide additional information by filing a supplement to his complaint.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Proceed without Prepayment of Fees (**Doc. 3**) is **GRANTED**. The Clerk is directed to stay service of process pending the filing of plaintiff's supplement to his Complaint on or before June 3, 2015, as directed below.

**IT IS FURTHER ORDERED** that plaintiff's application for appointment of counsel (**Doc. 6**) is **DENIED.**

---

[8] *Id*.
[9] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005)).
[10] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**IT IS FURTHER ORDERED** that plaintiff must file a supplement to his Complaint, **on or before June 3, 2015**.  In his supplement, plaintiff must state what each defendant did that violated his rights, including the dates and places of such conduct by the defendants.  Plaintiff should also include the date he filed any administrative charge of discrimination with the EEOC or KHRC and provide a copy of his "Notice of Right to Sue" letter.  If plaintiff fails to properly supplement his Complaint by June 3, 2015, such failure may result in a recommendation to the District Judge that his case be dismissed without further notice.

**IT IS FURTHER ORDERED** that on or before **June 3, 21015**, upon filing the supplement to his Complaint, plaintiff shall also provide the clerk's office with the address of the defendant for service of summons directed to the Kansas Attorney General's Office as required by K.S.A. § 60-304(d)(5).  Because plaintiff proceeds in forma pauperis, the clerk of the court will arrange for service of the summons under 28 U.S.C. § 1915(d); however, **the clerk is directed to defer service** until receiving further instructions from the court in order to allow the court an opportunity to review plaintiff's supplement to the Complaint.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 26th day of May 2015.

 s/ Karen M. Humphreys
KAREN M. HUMPHREYS
United States Magistrate Judge

5