IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DANIEL J. ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-2667-JAR |
| ) | |
| STATE OF KANSAS, DEPARTMENT ) | |
| OF ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**REPORT AND RECOMMENDATION**

Plaintiff initiated this action in March 2015 against his former employer, claiming unlawful employment practices.  On May 26, 2015, the Court granted Plaintiff's Motion to Proceed without Prepayment of Fees (Order, ECF No. 3) but ordered Plaintiff to supplement his Complaint  (Mem. and Order, ECF No. 8).  Plaintiff was to provide two types of information: 1) information regarding any administrative charge of discrimination he may have filed, including the date of filing and a copy of any "Notice of Right to Sue;" and 2) a statement of what each named defendant did which may have violated his rights, including the dates and places of such incidents.[1]  On July 6, 2015, Plaintiff filed multiple supplements to his Complaint (ECF Nos. 12 through 19);

---

[1] Plaintiff named only one Defendant in his Complaint.  However, under the "Statement of Claim" section of his Complaint (ECF No. 1 at 3), he included names of six individuals who appeared to be named as defendants but provided no supporting statements or facts which demonstrated why those individuals were named.

however, the Court was not satisfied that those supplements cured the deficiencies found in the Complaint.

On September 10, 2015, the Court conducted an in-person hearing to discuss with Plaintiff the sufficiency of his Complaint and related supplements. Following the hearing, Plaintiff was provided a second opportunity to 1) file an Amended Complaint[2] which concisely articulates his specific claims against clearly-identified defendants; and 2) provide to the clerk's office a completed summons form for each named defendant by no later than October 12, 2015. (Order, ECF No. 21.) After being granted a one-month extension, Plaintiff filed a pleading entitled "Statement of Claim" on November 12, 2015 (ECF No. 25).

Although Plaintiff has been granted the ability to proceed in forma pauperis (without payment of fees), his authority to do so is not without limitation, and under 28 U.S.C. § 1915(e)(2), sua sponte dismissal of the case is required if the Court determines the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit. After application of these standards, the undersigned Magistrate Judge issues the following report and recommendation of dismissal pursuant to 28 U.S.C. § 636(b)(1)(B), on the basis that Plaintiff fails to state a claim upon which relief may be granted.

---

[2] During the September 10 hearing, the Court discussed with Plaintiff that the use of the Court's "Employment Discrimination Complaint" form could assist Plaintiff to concisely state his claims and provide the appropriate information.

## I.     Legal Standards

The Court reviews the sufficiency of the complaint under the same standards as those used when the Court considers a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[3] Plaintiff "must allege sufficient facts to state a claim which is plausible—*rather than merely conceivable*—on its face."[4]  "Factual allegations in a complaint must be enough to raise a right to relief above the speculative level."[5]

Because Plaintiff proceeds pro se, his pleadings must be liberally construed.[6] However, Plaintiff still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[7] and the Court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[8]  "The court may not provide additional factual allegations 'to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf.'"[9]

Fed. R. Civ. P. 8(a)(2) requires the complaint to provide a "short and plain statement of the claim showing that the pleader is entitled to relief,"[10] and "demands more than naked assertions and unexplained citations to voluminous exhibits."[11]  Under

---

[3] *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).
[4] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).
[5] *Kay,* 500 F.3d at 1218 (citing *Twombly*, 550 U.S. at 555) (internal citations omitted).
[6] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[7] *Id*.
[8] *Mays v. Wyandotte County Sheriff's Dep't*, 2010 WL 6032763, at *2 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005)).
[9] *Green v. Werholtz*, No. 08-3260-JAR, 2010 WL 3878772, at *2 (D. Kan. Sept. 28, 2010) (quoting *Whitney v. New Mexico,* 113 F.3d 1170, 1173 (10th Cir.1997)).
[10] *Creamer v. Fischer*, No. 14-4107-JAR-TJJ, 2015 WL 364007, at *2 (D. Kan. Jan. 27, 2015) (quoting Fed. R. Civ. P. 8).
[11] *Cohen v. Delong*, 369 F. App'x 953, 957 (10th Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Rule 8(a), a pleading must contain three minimal pieces of information: (1) a short and plain statement of the claim showing the plaintiff is entitled to relief; (2) a short and plain statement of the grounds for the court's jurisdiction; and (3) a statement of the relief requested. If the Court finds any of these requirements absent, even after affording liberal construction to Plaintiff's Complaint, the Court "is compelled to recommend that the action be dismissed."[12]

## II.   Analysis

### A.   Short and Plain Statement of Claim

In order to discern a conceivable claim, the Court would be required to undertake a considerable search of the record. The 95-page Complaint and the 200-plus pages of supplements filed in July contain copies of various employment policies, state laws and regulations, and other documents which apparently originated, in part, from Plaintiff's personnel file during his employment by Defendant. Those personnel documents include correspondence, copies of grievance papers, and various medical records belonging to Plaintiff. None of the documents are organized in a coherent manner, and many are duplicated multiple times among the Complaint and supplements. Even after discussion with the Court during the September 10 hearing, Plaintiff failed to provide a succinct statement of his claims on the clerk's office form *provided by the Court* during that

---

[12] *Snider v. Burton*, No. 15-1043-JTM-KGG, 2015 WL 867423, at *2 (D. Kan. Mar. 2, 2015) *report and recommendation adopted,* No. 15-1043-JTM, 2015 WL 1442096 (D. Kan. Mar. 30, 2015).

hearing.  Instead, he filed his 90-page "Statement of Claim" which includes many of the same documents previously filed.

The Court also required Plaintiff to provide a statement of what each individual, named in the Complaint, did which may have violated his rights, including the dates and places of such incidents.  In response, Plaintiff filed his eight voluminous supplements.  In at least four supplements, the six names included in his Complaint are duplicated throughout, but various other names are also included, and no list of names throughout the supplements is consistent.  In addition, the supplements do not clarify how those individuals are alleged to have discriminated against Plaintiff, or why he is entitled to relief.  Although the Court specifically addressed this issue during the September hearing, Plaintiff did not clearly identify those persons he intended to name as defendants in his recent Statement of Claim.

It is unclear whether Plaintiff intends to file a petition for judicial review of his termination, or whether he is filing an employment discrimination claim, or both.  In Plaintiff's most recent filing, he includes an undated copy of the Kansas Civil Service Board's "Corrected Final Order".[13]  That document indicates Plaintiff's employment was terminated by Defendant on January 30, 2013.  It appears he properly appealed his termination to the Kansas Civil Service Board and the Board upheld his termination.  He was instructed to file any petition for judicial review of that final order with the appropriate District Court pursuant to K.S.A. 77-601 *et seq.* within thirty days of service of the final order.  However, Plaintiff does not express whether he properly filed a

---

[13] ECF No. 25 at 31.

petition for judicial review, or if this action is his attempt to do so, albeit improper. If this action is his attempt to file such a petition, his pleadings lack sufficient factual information to do so, and such an attempt would also leave this Court without jurisdiction over his state claim, failing both the first and second requirements of Rule 8.

### B. Short and Plain Statement of Jurisdiction

Plaintiff's pleadings also fail to assert proper jurisdiction over any employment discrimination claim. The Complaint indicates he filed a charge of discrimination with either the Equal Employment Opportunity Commission ("EEOC") or the Kansas Human Rights Commission ("KHRC"), but he failed to provide the date of any filing. When asked at hearing when his agency charge was filed, Plaintiff responded that he did not remember. Plaintiff provided a copy of a Notice of Right to Sue from the EEOC[14] and two other documents which appear to originate from the KHRC[15] but did not provide complete copies of the documents. The Court was unable to locate the date of filing of the administrative charge, which prevents the Court from concluding whether he properly exhausted his administrative remedies and therefore brings into question this Court's subject matter jurisdiction over his claims.

### C. Statement of Relief Requested

In Plaintiff's Complaint (ECF No. 1), he requests "all things due me doing [*sic*] my employment, as an American Citizen, also any damages due to the intentional abuse

---

[14] ECF No. 14 at 2.
[15] Case Summary Report, ECF No. 12 at 7-12 (dated 9/22/14); "Important Notice Regarding Other Legal Rights," ECF No. 16 at 5 (undated).

6

and completely ignoring the Constitutional laws." Plaintiff also supplies a list of alleged damages, including loss of income, but provides only a question mark to demonstrate his apparent uncertainty about the dollar amount of those damages. While these statements may be construed as a request for relief, Plaintiff's failure to meet either of the first two prongs of Rule 8 (discussed *supra* Sections II.A, B.) still necessitate dismissal of his case.

### D.    Service of Process

Plaintiff was also ordered, on two occasions, to provide the clerk's office with a summons form directed to the Kansas Attorney General's Office in preparation for service of process. (Orders, ECF Nos. 8, 21.) After thorough review of the multiple supplements and communication with the Clerk's office, it does not appear as though summons forms were provided. While this failure is not devastating to his case, it reflects Plaintiff's lackadaisical approach to the orders of this Court.

### E.    Conclusion

In addition to the lack of coherence in his filings, the information included therein further calls into question Plaintiff's ability to factually support his claims. Although Plaintiff's notations on various documents demonstrate his belief that he was treated differently than other employees,[16] numerous documents provide a negative picture of

---

[16] *See, e.g.*, ECF No. 17 at 22 (claiming "I were terminated from my employment with the dept of Administration for allegedly [quoting] with a question Karen Vondy. But she was not fired."); ECF No. 17 at 28 (alleging the "performance review rating continued to make me as a [illegible] even though I was a master electrician with over 35 years of experience. Did not do that to Larry Hall who is white and No! license. 12-22-09 to 12-17-10"); ECF No. 19 at 22 (""I…was not allowed to get this training. Only John Green and Larry Hall the white guys in

Plaintiff's work history.  His pleadings contain documentation of multiple verbal counselings and written warnings for repeated unprofessional behavior, failure to report for work, and other infractions dating as far back as 2009—years prior to his termination.[17]

Ultimately, the Court cannot serve as Plaintiff's advocate in searching the 400-page record to construct his claims.  Despite specific instructions from the Court, both in writing and at the in-person hearing, and multiple opportunities to supplement his Complaint, the Court finds that Plaintiff's pleadings fail to provide the "short and plain statement" required by Rule 8.  Even affording the most liberal construction, given the lack of factual support for Plaintiff's claim of discrimination, the allegations in his pleadings do not raise his right to relief "above the speculative level."[18]

### III.  Recommendation

A review of the Complaint and supplemental pleadings confirms Plaintiff neither pleads "enough facts to state a claim to relief that is plausible on its face,"[19] nor presents

---

our dept.  The other 8 positions to this installation were given to other white employees men in Topeka, KS to the best of my knowledge.").

[17] *See, e.g*., ECF No. 16 at 6 (email from John Green, Physical Plant Supervisor, to Daniel Alexander, dated Aug. 18, 2009, notifying Plaintiff of his failure to call in or report for work); ECF No. 16 at 7 (second page of a letter from Marilyn L. Jacobsen, Director of the Division of Finance and Facilities Management, to Plaintiff dated Aug. 26, 2009, notifying Plaintiff of his failure to call in and report for work on at least 4 occasions).  *See also* ECF No. 12 at 12 (stating, "Evidence reveals the Complainant was informed of his unprofessional behavior towards other employees/staff and was therefore terminated after the Complainant failed to act in accordance with company policy.")

[18] *Kay,* 500 F.3d at 1218 (citing *Twombly,* 550 U.S. at 555) (internal citations omitted).

[19] *Fry v. Beezley*, No. 10–3050–SAC, 2010 WL 1371644, at *1 (D. Kan. Apr. 6, 2010) (quoting *Twombly*, 550 U.S. at 570).

a rational argument on the facts or law in support of his claim.[20]  It is therefore recommended that the case be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Complaint (ECF No. 1) and supplemental pleadings (ECF Nos. 12-19, 25) be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED** that a copy of this recommendation shall be mailed to Plaintiff by certified mail.  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation.  Failure to make a timely objection waives appellate review of both factual and legal questions.[21]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 23rd day of December 2015.

 s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[20] *Graham v. Sec'y of Health & Human Servs.*, 785 F.Supp. 145, 146 (citing *Dolence v. Flynn*, 628 F. 2d 1280, 1281 (10th Cir. 1980)).

[21] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).