# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DANIEL J. ALEXANDER,**

    **Plaintiff,**

    v.

**STATE OF KANSAS, DEPARTMENT OF ADMINISTRATION,**

    **Defendant.**

Case No. 15-2667-JAR

## MEMORANDUM AND ORDER

Pro se plaintiff Daniel J. Alexander filed this case in March 2015 against his former employer, claiming unlawful employment practices. Magistrate Judge Gwynne E. Birzer granted Plaintiff leave to proceed in forma pauperis (Doc. 3), but ordered him to supplement his Complaint (Doc. 8). After conducting an in-person hearing with Plaintiff to discuss the sufficiency of his Complaint and related supplements, Judge Birzer gave Plaintiff a second opportunity to amend his Complaint and provide to the clerk's office a completed summons form for each named defendant. On December 23, 2015, Judge Birzer entered a Report and Recommendation that this Court dismiss Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a plausible claim (Doc. 27). Plaintiff timely filed an objection on January 19, 2016, fourteen days after he was served with a copy of the Report and Recommendation (Doc. 31).

Plaintiff's objection consists primarily of the Report and Recommendation itself, marked in different color highlighting with various annotations hand-written throughout, plus thirty-two pages of supporting documentation. Plaintiff does not explain how these documents are tied to

his claims, Judge Birzer's order, or the applicable law cited therein, nor does his objection contain argument that refers or responds to Judge Birzer's order.

The Court does not consider objections to a Report and Recommendation that lack specificity.[1] "Objections to the magistrate judge's report must be specific enough to focus the district court's attention on the factual and legal issues in dispute."[2] "Because Plaintiff failed to file specific objections, [he] has not triggered this court's obligation to engage in a de novo review."[3]

Because Judge Birzer allowed Plaintiff to proceed in forma pauperis, however, the court was required to screen Plaintiff's Complaint. As stated by Judge Birzer, 28 U.S.C. § 1915(e)(2)(B) permits the court to dismiss, sua sponte, an in forma pauperis action as (1) frivolous or malicious; (2) failing to state a claim upon which relief may be granted; or (3) seeking monetary relief from a defendant who is immune from suit.[4]

This Court has reviewed Judge Birzer's analysis on this issue and agrees with the proposed disposition of Plaintiff's Complaint. Judge Birzer accurately characterizes Plaintiff's Complaint as failing to provide a succinct statement of his claims on the clerk's office form, as provided by the court during a hearing. She explains that Plaintiff failed to identify the persons he intended to name as defendants, does not express whether he properly filed a petition for judicial review of his termination, fails to provide necessary documents to assert proper

---

[1] *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").

[2] *Garrett v. Okla. Corp. Comm'n*, 56 F. App'x 442, 443 (10th Cir. 2003) (citing *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996)); *see also* Fed. R. Civ. P. 72(b)(2).

[3] *Creamer v. Kelly*, No. 14-4073-CM, 2014 WL 5106724, at *1 (D. Kan. Oct. 10, 2014); Fed. R. Civ. P. 72(b)(3) (requiring de novo review only for those parts of the magistrate judge's report that have been "properly objected to").

[4] *Whitney v. New Mexico*, 113 F.3d 1170, 1172–73 (10th Cir. 1997); 28 U.S.C. § 1915(e)(2)(B).

2

jurisdiction over any employment discrimination claim, fails to allege the dollar amount of his damages, and fails to provide the clerk's office with a summons form directed to the Kansas Attorney General's Office.  Judge Birzer concluded that in addition to the "lack of coherence" in his filings, the information he does include further calls into question his ability to factually support his claims, noting his pleadings contain documents that show a negative work history dating back as far as 2009.  Judge Birzer declined to serve as Plaintiff's advocate in searching the 400-page record to construct his claims, noting that despite specific instructions from the court, and multiple opportunities to supplement his Complaint, Plaintiff's pleadings fail to satisfy the "short and plain statement" requirement found in Fed. R. Civ. P. 8.

This Court agrees.  As Judge Birzer concluded, "[e]ven affording the most liberal construction, given the lack of factual support for Plaintiff's claim of discrimination, the allegations in his pleadings do not raise his right to relief 'above the speculative level.'"[5]  Plaintiff's Complaint must contain a plausible claim—in this case, it falls far short, and dismissal is warranted under § 1915(e)(2)(B)(ii).

**IT IS THEREFORE ORDERED** that the Court adopts the Report and Recommendation filed December 23, 2015 (Doc. 27).  The case is **dismissed without prejudice** for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED.**

Dated: February 2, 2016

        S/ Julie A. Robinson
        JULIE A. ROBINSON
        UNITED STATES DISTRICT JUDGE

---

[5] Doc. 27 at 8 (citing *Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007)) (citation omitted).